UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 08-17533-BKC-LMI |
| RENE PIEDRA AND ASSOCIATES, P.A., | Chapter 7 |
| Debtor.                                          / | |
| BARRY E. MUKAMAL, Chapter 7 Trustee, | Adv. P. No. |
| Plaintiff, | |
| v. | |
| IAS ADMINISTRATIONS, INC., a Florida not for profit corporation | |
| Defendant.                                          / | |

## ADVERSARY COMPLAINT

Plaintiff, Chapter 7 Trustee, BARRY E. MUKAMAL (hereinafter, the "Trustee"), through undersigned counsel, sues Defendant, IAS ADIMINSTRATIONS, INC., a Florida not for profit corporation (hereinafter, "Defendant"), for avoidance and recovery of (i) fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and pursuant to Rule 7001 of the *Federal Rules of Bankruptcy Procedure*, and in support thereof states:

### PARTIES, JURISDICTION AND VENUE

1.   This is an action for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and pursuant to Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

2. Rene Piedra, DMD and Associates, P.A. is the debtor in this case (hereinafter, the "Debtor").

3. On June 5, 2008, the Debtor filed its voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

4. On February 9, 2009, the Court converted the case to a Chapter 7.

5. On March 26, 2009, the Court appointed the Trustee.

6. Defendant is a not for profit corporation conducting business in Miami-Dade County.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## COUNT I
**(Avoidance and Recovery of Fraudulent Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1))**

9. The Trustee incorporates by reference and realleges Paragraphs 1 through 8 of this Complaint as is fully set forth herein.

10. 11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

11. Within two (2) years of the Petition Date, the Debtor transferred $32,500.00 to Defendant (hereinafter, the "2 Year Transfers"). A detail of the disbursements to Defendant is incorporated by reference herein and attached hereto as Exhibit "A."

2 -

12.     The records of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

13.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

14.     The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

15.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Defendant, IAS ADMINISTRATIONS, INC., are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

## COUNT II
### (Avoidance and Recovery of Fraudulent Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1))

16.     The Trustee incorporates by reference and realleges Paragraphs 1 through 8 of this Complaint as is fully set forth herein.

17.     11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

3 -

18.     Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to Defendant as set forth in Exhibit "A" attached hereto and incorporated herein.

19.     The records of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

20.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

21.     The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

22.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Defendant, IAS ADMINISTRATIONS, INC., are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

### COUNT III
**(Avoidance and Recovery of Fraudulent Transfer pursuant to 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a))**

23.     The Trustee incorporates by reference and realleges Paragraphs 1 through 8 of this Complaint as if fully set forth herein, and further asserts:

4 -

24. Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

25. Within four (4) years of the Petition Date, the Debtor transferred to Defendant $32,500.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to Defendant is incorporated by reference herein and attached hereto as Exhibit "B."

26. The records of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

27. The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

28. Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to Defendant.

29. The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

30. The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, *Florida Statutes*, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT IV
### (Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a))

31.   The Trustee incorporates by reference and realleges Paragraphs 1 through 8 of this Complaint as if fully set forth herein, and further asserts:

32.   Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

33.   Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Defendant as set forth in Exhibit "B" attached hereto and incorporated herein.

34.   The records of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

35.   The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

36.   Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to Defendant.

37.   The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

    A.   engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

    B.   intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

38.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(b), *Florida Statutes*, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

### COUNT V
### (Avoidance and Recovery of Fraudulent Transfer pursuant to 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a))

39.     The Trustee incorporates by reference and realleges Paragraphs 1 through 8 of this Complaint as if fully set forth herein, and further asserts:

40.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

41.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Defendant as set forth in Exhibit "B" attached hereto and incorporated herein.

42.     The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

43.     The records of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

44.     The Debtor received less than reasonably equivalent value in exchange for the the 4 Year Transfers; and:

7 -

A.  was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

B.  was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

C.  intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

45. At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

40. The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, *Florida Statutes*, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

Respectfully Submitted,

GrayRobinson, PA
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: 305-416-6880
Fax: 305-416-6887

By:  /s/ Frank P. Terzo
    Frank P. Terzo, Esq.
    Fla. Bar No. 906263
    Steven Solomon, Esq.
    Fla. Bar No. 931969
    Ileana E. Christianson, Esq.
    Fla. Bar No. 673366

**EXHIBIT A**

| Detail Disbursements wihin 2 Years of the Petition Date June 5, 2008 | | | |
|---|---|---|---|
| Date | Num | Name | Amount |
| 06/12/2006 | EFT | I.A.S Administration | 2,500.00 |
| 06/26/2007 | ACH | I.A.S Administration | 30,000.00 |
| | | **I.A.S Administration Total:** | **32,500.00** |

**EXHIBIT B**

| Detail Disbursements wihin 4 Years of the Petition Date June 5, 2008 | | | |
|---|---|---|---|
| Date | Num | Name | Amount |
| 06/12/2006 | EFT | I.A.S Administration | 2,500.00 |
| 06/26/2007 | ACH | I.A.S Administration | 30,000.00 |
| | | **I.A.S Administration Total:** | **32,500.00** |